IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

THURSTON WALLER,

        Plaintiff

 VS.

DELORES FAIRCLOTH, *et al.*,

        Defendants

NO.  5:06-CV-87 (DF)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## O R D E R

  Plaintiff THURSTON WALLER has filed a motion seeking a preliminary injunction in which he asks the court to remove the restraints that his probation supervisor has placed on him.  Tab #14. His motion did not come accompanied by a certificate of service as required by the rules of civil procedure and made known to the plaintiff in the court's June 7, 2006 order which gave instructions to the parties.[1]  Tab #10 at 3.  The plaintiff's motion for preliminary injunction is therefore DENIED without prejudice to re-file in accordance with the appropriate rules of court.[2]

  Additionally, upon a review of the plaintiff's complaint and amendments thereto, the undersigned questions whether this case should more properly be brought as a habeas corpus petition as the plaintiff appears to be challenging the legality of his incarceration.  If the plaintiff is challenging the legality of his imprisonment, a §1983 action is an inappropriate vehicle at this time.  *See* **Heck v. Humphrey**, 512 U.S.477, 114 S. Ct. 2364 (1994) (Holding that in order for a plaintiff to receive tort damages for actions that would necessarily require the plaintiff's incarceration to be found unlawful, the unlawfulness of the incarceration must be established **before** a tort suit can be properly brought).

---

[1] The court's June 7 order provided that "It is the responsibility of each party to . . . serve copies of all motions. . . upon opposing parties or counsel for opposing parties . . . and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating who has been served and - where[], when service was made, and how service was accomplished."

[2] Though the parties in this case have not consented to having a magistrate judge hear this case in its entirety and an order on a motion for preliminary injunction normally must come from a district judge, since this motion is not properly before the court, the undersigned deems it appropriate to deny plaintiff's motion since it is not properly before the court for consideration.  When properly presented, it will be dealt with by the undersigned as a Recommendation to the district judge.

Accordingly, the parties are DIRECTED within THIRTY (30) DAYS of <u>receipt</u> of this order to advise the court as to whether this action is appropriately brought pursuant to § 1983 rather than as a habeas corpus petition

SO ORDERED, this 16th day of NOVEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE